**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

05 — 11863 RWZ

| | |
|---|---|
| RAMACHANDRAN SEETHARAMAN, **Plaintiff** | |
| vs. | |
| STONE & WEBSTER, INC., a Subsidiary of SHAW GROUP, INC., JOE GREEN, NICK ZERVOS, DAVID EDWARDS AND JOHN MARTIN **Defendants** | **CIVIL ACTION NO.** |

MAGISTRATE JUDGE Sorokin

RECEIPT
AMOUNT
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER F M
MCF ISSU
BY DPTY.
DATE

SCANNED
DATE: 2/5/05
BY: FDM

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

This employment discrimination action pursuant to Federal and State law alleges unlawful employment discrimination by defendants against the plaintiff based on national origin, race, color, age, handicap, and retaliation seeks damages for the plaintiff's unlawful forced transfer and subsequent termination of his employment as a Principal Engineer the Defendant Stone & Webster, Inc.  Plaintiff also asserts claims for wrongful discharge in violation of public policy, for violation of his civil rights pursuant to M.G. L. c., §11H,11I, for violation of the Massachusetts Constitution Article XLIX providing for the right of the people to have clean air and water and for conspiracy pursuant to 42 U.S.C. 1985.



1

## II.    THE PARTIES

1.      Ramachandran Seetharaman (Hereinafter, "Seetharaman") is an individual resi  g
in Ashland, Middlesex County,  Massachusetts.

2.      The Plaintiff is Seetharaman is a non-white United States Citizen, born Novem  r
13, 1957 in Tanjore, Tamilnadu, India and is of East Indian heritage and of c  <
complexion.

3.      Seetharaman was over forty years of age during his employment at defendan
Stone & Webster (a SHAW Group Company) from 3-2001 till 5-2002.

4.      Defendant Stone & Webster is a corporation and subsidiary of the Shaw Gro  ,
which is a corporation headquartered in Baton Rouge, LA. Defendant Stone & Webster  s
a location at 100 Technology Center Drive, Stoughton, Massachusetts.

5.      Defendant David Edwards is a resident of the Commonwealth of Massachuse  ,
and was at relevant times Seetharaman's direct supervisor in the Covert, Badger  1
Goose Lake Projects from May 2001 through February 5, 2002.

6.      Defendant Nick Zervos is a resident of the Commonwealth of Massachusetts, .  1
was at relevant times Seetharaman's direct supervisor of the Heat Balance/Ther  I
Engineering Group from February 6, 2002 through May 17, 2002.

7.      Defendant John Martin is a resident of the Commonwealth of Massachusetts, wa  t
relevant times the Project Engineer/Manager for Covert, Badger and Goose Lake Proje  s
and was David Edward's supervisor.

8.      Defendant Joe Green is a resident of the Commonwealth of Massachusetts, wa  t
relevant times Chief Mechanical Engineer of defendant Stone & Webster.

.

2

### III.    STATEMENT OF FACTS

9.    Seetharaman commenced his employment at Stone & Webster on March 19, 2( .
His Title was Principal Engineer in the Mechanical Engineering Division. His work loca ɔ
was 100 Technology Center Drive, Stoughton, Massachusetts.

10.    Seetharaman's first assignment around 3-22-2001 was to study and desig a
nuclear reactor system that utilized ammonia/water mixture as a working fluid. After rev v
of the system, Seetharaman expressed his environmental and nuclear safety concern ɔ
Joe Green, Chief Mechanical Engineer, who assigned him that task. His safety conce s
were ignored. Joe Green again resurrected this project in June/July 2001, at which ti ;
Seetharaman again protested its viability and effect on public safety. This ange d
management.

11.    Seetharaman's second assignment was to work on a Power Plant – Pha-La ɔ
Vietnam late March 2001. He completed that work in about ten days.

12.    In the first week of April 2001, Joe Green assigned Seetharaman to the Cov ,
Badger, and Goose Lake power plant design projects. He worked on these projects ι ι
February 6, 2002.

13.    The Covert, Badger, Goose Lake power plant design projects were funded, ow d
and operated by Pacific Gas and Electric (via its past subsidiary PG&E National Ene ⁄
Group). General Electric Company funded Pacific Gas Electric to the tune of about $ 5 -
million dollars in March 2001, to enable these activities of Pacific Gas and Electric.

14.    General Electric Company and Pacific Gas & Electric exercised control over ɔ
Covert, Badger, Goose Lake projects and its past subsidiary PG&E National Energy Grc .

15.    Stone & Webster became the engineering and construction agent for the Cov ,

3

Badger, and Goose Lake power plant design projects on March 15, 2001. The busir    s
and agency relationship was based on written publicly announced contracts and pers    al
meetings of management personnel.

16.      During his several assignments in the Covert, Badger, Goose Lake power pla
design projects, Seetharaman engaged in numerous activities protected by    e
environmental laws and opposed the conduct of Stone & Webster engineering    d
management. Pacific Gas & Electric (the principal) was also aware of these prote    d
activities via its agents.

17.      Seetharaman opposed the project's emitting toxic substances in the air    d
potentially harming the public safety and not utilizing the controls that both Federal    d
State laws required. Seetharaman further opposed some engineering methodologies    it
were inherently wrong and unsafe violating OSHA and environmental laws and standa    .

18.      Seetharaman's relationship with management eroded rapidly commencing in I    y
2001; Seetharaman was ridiculed, subjected to intimidating and hostile work environm    ,
segregated, subjected to covert surveillance, limited, refused to deal and classified.    э
boiler work assignment was forcefully removed from him on January 4, 2002.

19.      On or about February 5, 2002 Seetharaman was forcefully transferred against    з
will to a new Heat Balance Group on February 6, 2002. Witnesses  associated with    i
sympathetic/supportive of Seetharaman were intimidated as well and subject to adve    э
employment actions. A disproportionate number of employees of East Indian origin w    э
terminated as well in 2002/2003.  Seetharaman opposed the hostilities to his supervis    ı
the Fall of 2001 and expressed his feelings about not wanting to be transferred.

4

20.    Upon transfer to Heat Balance Group Seetharaman's work environment bec    e
even more intimidating, harassing and hostile.  Seetharaman was further segrega    d,
limited and classified.

21    Seetharaman calculated nuclear steam pipe sizes for a nuclear station using a s    e,
well-established methodology. However, his co-worker "finagled" the results and util    d
much smaller pipes. Seetharaman was deceived into signing the cover sheet of a nuc    ir
calculation on 4-1-2002. Upon seeing the entire calculation the next day and noticing    t
his methods and the safe and correct pipe sizes were not used, he protested to    s
superior Nick Zervos on 4-3-2002 that nuclear safety has been compromised    d
Seetharaman refused to participate in this illegal conduct. His supervisor Nick Zer    s
threatened him with a statement – "we cut out people who don't follow our ways."

22.    During the next assignment in April 2002, Zervos continued his hostility    y
intimidating Seetharaman stating, "You are getting old.  Younger workers like Garcia    e
working faster".

23.    Two weeks later around 4-17-2002, Seetharaman detected another flaw i    a
computer program ARROW and complained to the same supervisor Nick Zervos and R    s
Bone and Frank Elia that utilizing that ARROW program for nuclear work   will    e
problematic, unsafe and would not satisfy quality-control requirements and hence t    y
must follow a more rigorous procedure to test that software before it could be cleared to    )
nuclear work. Seetharaman mentioned another experienced worker Pete Queenan at    e
Company also agreed to use a more rigorous nuclear procedure, but Zervos snubbed    t
worker as an "Old nuclear goat that spent too much time on nuclear work". Nick Zervos    s
had a long relationship with General Electric, through an unsafe toxic Ammonia cy    e

5

called the "Kalina Cycle" from 1985 until 1996, which releases hot toxic Ammonia into

atmosphere. Seetharaman specifically protested the safety of this cycle in utilization

nuclear and other power work and also about GE's defective software that he has see

the late 1980s while he worked for GE nuclear division. All this happened around 4

2002.

24.    On or about April 29, 2002 Seetharaman's employment with defendant Stor

Webster was terminated.

25.    During the course of his employment, Seetharaman engaged in protected activ

and complained to both managers and  some coworkers as well about public safety du

his employment from 3-2001 till 5-2002 at Stone & Webster.

26.    At least one white male coworker and a white female coworker (less than 40 ye

of age) at Stone & Webster also engaged in such protected activity during the     pei

from March 2001 through May 2002. However, these workers were not treated

contempt, subject to intimidating and hostile work environment, did not have work force

removed from them, were not forcefully transferred and fired in a similar fashion

Seetharaman.

## COUNT ONE
## UNLAWFUL DISCRIMINATION BASED ON NATIONAL ORIGIN, COLOR, RACI
## HANDICAP AND AGE IN VIOLATION OF G.L. c. 151B § 4 AND REPRISAL IN
## VIOLATION OF G.L. 151B § 4, SUBD. 4
## (ALL DEFENDANTS)

27.    The Plaintiff re-alleges and incorporates by reference herein the averments set f

Paragraphs 1 through 26 as though fully set forth herein.

28.    Plaintiff filed a timely charge with the Massachusetts Commission Aga

Discrimination (MCAD), and filed this complaint at the expiration of ninety days afte   e
filing of the aforesaid complaint with MCAD.

29.     The Plaintiff is a member of a protected class by virtue of his National Origin
(East Indian), Color (Dark Complexion), Race, Handicap (Bad Back) and age (44 ye   .
old at time of termination) pursuant to G.L. c. 151B.

30.     On information and belief, the Defendant involuntarily transferred and subseque   y
discharged   the Plaintiff not for any legitimate reason but because of his National or   ι,
Color, Race, Handicap and Age  thereby violating G.L. c. 151B § 4.

31.     Defendants Edwards, Zervos, Martin and Green coerced, intimidated, threatene   ιr
interfered with Seetharaman in the exercise or enjoyment of his rights granted or prote   d
by G.L.c. 151B in violation of G.L.c. 151B § 4, 4A.

32.     Defendants Edwards, Zervos, Martin and Green aided, abetted, incited, compe   d
or coerced the doing of the above described unlawful conduct in violation of G.L.c. 15·   §
4, 5.

33.     Seetharaman opposed the hostile work environment from management to his
supervisor in the Fall of 2001 and expressed his feelings about not wanting tc   ə
transferred. The Defendant transferred and subsequently discharged the Plaintiff no   ιr
any legitimate reason but because of his opposition to management creating an ae   l,
intimidating and hostile work environment.

34.     As a direct and proximate cause of the aforesaid discrimination, the Plaintiff   s
incurred and continues to incur a substantial loss of wages and benefits. The Plaintifl   ll
continue to suffer these, as well as other damages, to be established at trial.

## COUNT TWO
## UNLAWFUL DISCRIMINATION BASED ON NATIONAL ORIGIN, COLOR, RACE / ⊃
## REPRISAL IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, /
## AMENDED 42 U.S.C. . §2000e, et seq., RACE DISCRIMINATION AND REPRISAI  ι
## VIOLATION OF 42 U.S.C 1981, DISABILITY DISCRIMINATION AND REPRISAL
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C §12101,
## seq. & THE 1973 REHABILITATION ACT - 29 U.S.C 794, AND AGE
## DISCRIMINATION AND REPRISAL IN VIOLATION OF THE AGE DISCRIMINATI(
## IN EMPLOYMENT ACT 29 U.S.C. 621, et seq
## (ALL DEFENDANTS)

35.    The Plaintiff re-alleges and incorporates by reference herein the averments set f    h

Paragraphs 1 through 34 as though fully set forth herein.

36.    Plaintiff filed a timely charge with the Equal Employment Opportunity Commis    n

(EEOC).

37.    Plaintiff received a Notice of Right to Sue from the EEOC on June 18, 2005.    ·    s

action is being filed within ninety (90) days of receiving said Right to Sue Notice.

38.    The Plaintiff is a member of a protected class by virtue of his National Origin (ι    :t

Indian), Color (Dark Complexion), Race, Handicap (Bad Back) and age (44 years ol    ιt

time of termination).  Defendant receives Federal funding and is a Federal Contra    ·r

within the meaning of the above applicable federal laws.

39.    Seetharaman informed the defendant in writing about his disability in March    ι

November 2001, and further verbally to his superiors and coworkers.

40.    On information and belief, the Defendant involuntarily transferred and subseque    y

discharged   the Plaintiff not for any legitimate reason but because of his National ori    ,

Color, Race, Handicap, Age and reprisal, thereby violating **42 U.S.C. §2000(e) et seq**    ?

**U.S.C 1981, 29 U.S.C 794, 42 U.S.C §12101, et seq,** and **29 U.S.C. 621, et seq.**

8

41.    Seetharaman opposed the hostile work environment from management to hi
supervisor in the Fall of 2001 and expressed his feelings about not wanting to    e
transferred. The Defendant transferred and subsequently discharged the Plaintiff no    r
any legitimate reason but because of his opposition to management creating an a    l,
intimidating and hostile work environment.

42.    Defendant's conduct was willful, malicious, in bad faith, outrageous    d
extraordinary in violating the above referenced Federal laws.

43.    As a direct and proximate cause of the aforesaid discrimination, the Plaintiff    s
incurred and continues to incur a substantial loss of wages and benefits. The Plaintifi    ll
continue to suffer these, as well as other damages, to be established at trial.

### COUNT THREE
### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
### (DEFENDANT STONE & WEBSTER)

44.    The Plaintiff re-alleges and incorporates by reference herein the averments set f    n
Paragraphs 1 through 43 as though fully set forth herein.

45.    Between January 11, 2002 through February 4, 2002 Seetharaman was assig    d
the task of verifying a safety calculation for several dozen high-pressure    steam lines    it
affected plant safety on the Covert Power Project.    Seetharaman found the er    e
calculation to be wrong and unsafe and recalculated using a safe and sound enginee    g
methodology.

46.    Seetharaman informed his direct supervisor Dave Edwards that the orig    l
calculation would violate Occupational Safety and Health Administration (OS    )
regulations.    He advised Edwards of the safety consequences of the calculation    d

9

importuned him to change the size of the pipes lest plant safety be compromised.

47.    The next day Seetharaman was forcefully transferred to the Heat Balance Gr   ).

48.    From February 7, 2002 through April 2, 2002 Seetharaman calculated pipe   e sizes for Lungmen nuclear power plant. These calculations provided for safe operatic   if the nuclear power plant. However, Bill Card, a co - worker in the heat balance gi   p finagled these pipe sizes to a much lower size.  Bill Card deceived Seetharaman   o signing the cover sheet of this calculation on April 2, 2002. Upon reviewing the ei   a calculation the next day, Seetharaman determined that the safe pipe sizes   a recommended were not used in the calculation and he protested this to his supervisor   k Zervos that he could not sign this "finagled" calculation because he feared that the lc   r sized pipes would result in an accident.  Zervos threatened Seetharaman stating, "we   t out people who don't follow our ways."

49.    Three weeks later on or about April 29, 2002 Green and Zervos termini   d Seetharaman's employment with defendant Stone & Webster.

50.    Seetharaman's employment was terminated because he refused to commit   i unlawful act of designing projects that did not comply with OSHA standards, and beca   a he was attempting to enforce the important public policy of ensuring compliance   n OSHA in order to ensure the safety of the public.

51.    As a direct and proximate cause of the aforesaid discrimination, the Plaintiff   s incurred and continues to incur a substantial loss of wages and benefits. The Plaintiff   l continue to suffer these, as well as other damages, to be established at    trial.

10

## COUNT FOUR
### VIOLATION OF HIS CIVIL RIGHTS PURSUANT TO M.G. L. C. 12, §11H, 11
### (ALL DEFENDANTS)

52. The Plaintiff re-alleges and incorporates by reference herein the averments set h Paragraphs 1 through 51 as though fully set forth herein.

53. Defendant Stone & Webster (a SHAW group Company), via an associatic n business and contract, and through agency relationships, and the individual defendants e "persons" within the meaning of M.G. L. C. 12, §11H, 11I.

54. In committing the above described acts, all defendants in this count, thrc h threats, intimidation, or coercion by termination of employment, breach of oral promi ;, and withdrawal of funds, interfered with, or attempted to interfere with, with Seetharam s secured rights of; speech and writings on matters of public concern; to have clean air d water, Atomic Energy Safety, and due process of the law, pursuant to the Massachus s Constitution/ Declaration of rights, its bidding laws and deceptive practices law and Fed il Constitution and Federal Laws - 42 USC 7401 et seq. (Title 42 – Chapter 85 – Air Pollu ו Prevention and Control - The Clean Air Act – "CAA"), 42 USC 9601 et seq. (Title 4 - Chapter 103 - Comprehensive Environmental Response, Compensation and Liabili - "CERCLA" ), 33 USC 1251 et seq. (Title 33 – Chapter 26 - The Federal Water Pollu ו Control Act – "FWPCA"), 42 USC 2011 et seq. (Title 42 – Chapter 23 - The Atomic Ene / Act – "AEA"), 42 USC 5801 et seq. (Title 42 – Chapter 73), 42 USC 13401 et seq. ( ɔ Energy Policy Act of 1992 (as the latest amendment), 15 USC 2601 et seq. (Title 1 - Chapter 53 – Toxic Substances Control -The Toxic Substances Control Act – "TSCA") ? USC 6901 et seq. (Title 42 - Chapter 82 – Solid Waste Disposal - Solid Waste Disposal t

11

– "SWDA") , and 29 USC 660 (OSHA), 29 USC 666, Federal bidding laws, Sherman    t,

Clayton Act and Robinson-Patman Act.

55.     These above mentioned acts combined to form sufficient coercion under    e

Massachusetts Civil Rights Act because the natural effect intended or not, of said con    t

was to coerce Seetharaman through contract breach, creation of intimidating and ho    e

work environment, limitation, segregation and classification, subjected him to co    t

surveillance, denial of promised training and bonus, refusal to deal, forced transfer    d

termination of employment.

56.     As a direct and proximate cause of the aforesaid discrimination, the Plaintiff    s

incurred and continues to incur a substantial loss of wages and benefits. The Plaintiff    ll

continue to suffer these, as well as other damages, to be established at    trial.

## COUNT FIVE
## VIOLATION OF THE MASSACHUSETTS CONSTITUTION ARTICLE XLIX
## PROVIDING FOR THE RIGHT OF THE PEOPLE TO
## HAVE CLEAN AIR AND WATER
## (Defendant Stone & Webster)

57.     The Plaintiff re-alleges and incorporates by reference herein the averments set f    1

Paragraphs 1 through 56 as though fully set forth herein.

58.     Article XLIX of the Amendments to the Constitution provides that "The people s    l

have the right to clean air and water, freedom from excessive and unnecessary noise,    1

the natural, scenic, historic, and esthetic qualities of their environment; and the protec    1

of the people in their right to the conservation, development and utilization of    e

agricultural, mineral, forest, water, air and other natural resources is hereby declared to    e

a public purpose."

12

59.     In furtherance of the principles set forth in Article XLIX of the Amendments to    e
Constitution Seetheraman opposed defendant Stone & Webster management's effort    o
"cut corners" on Covert, Badger, and Goose Lake power plant design projects, by reso    g
to unsafe and environmentally derelict engineering and construction methodologies. T    y
further conspired to violate bidding and antitrust laws. Seetharaman was the    y
individual, who opposed these practices repeatedly. Such opposition by Seetharai    n
began both verbally and in writing beginning April 2001 and continued unabated    ll
February 4, 2002.

60.     Seetharaman opposed these projects emitting toxic substances in the air    d
potentially harming the public safety and not utilizing the controls that both Federal    d
State laws stipulated. Seetharaman further opposed some engineering methodologies    it
were inherently wrong and unsafe violating OSHA and environmental laws and standa    ..

61.     In retaliation for Seetharaman's exercise of his rights as protected by Article XLI    f
the Amendments to the Constitution, defendant Stone & Webster engaged in a cours    f
conduct designed to create an intimidating and hostile work environment, limitat    ,
segregation and classification, subjected him to covert surveillance, denial of promi    l
training and bonus, refusal to deal, forced transfer and termination of employment.

62.     As a direct and proximate cause of the aforesaid discrimination and reprisal,    e
Plaintiff has incurred and continues to incur a substantial loss of wages and benefits.    e
Plaintiff will continue to suffer these, as well as other damages, to be established at t    .

13

## COUNT SIX
## CONSPIRACY PURSUANT TO 42 U.S.C. § 1985
## (All Defendants)

63.     The Plaintiff re-alleges and incorporates by reference herein the averments set  h
Paragraphs 1 through 62 as though fully set forth herein.

64.     Defendant Stone & Webster   via an association in business and contract,        d
through agency relationships, and the individual defendants are "persons" within       e
meaning of 42 U.S.C. § 1985.

65.     Defendant Stone & Webster  and individual defendants via conspiracy occasio     d
harm and third-party interference with at-will employment relationship with Ston       &
Webster (a SHAW group Company) against Seetharaman. Such unlawful interference          s
with malice and it was to intimidate and retaliate against Seetharaman for engagin     n
activity protected by state and federal law as set forth in the succeeding paragraph.

66.     In committing the above described acts, all defendants in this count, through thre   s,
intimidation, or coercion by termination of employment, breach of oral promises, withdra    al
of funds, interfered with, or attempted to interfere with, with Seetharaman's secured ri    s
of; speech and writings on matters of public concern; to have clean air and water, Atc      c
Energy Safety, and due process of the law, pursuant to the Massachusetts Constitut     /
Declaration of rights, its bidding laws and deceptive practices law and Federal Constitu    n
and Federal Laws - 42 USC 7401 et seq. (Title 42 – Chapter 85 – Air Pollution Preven    n
and Control - The Clean Air Act – "CAA"), 42 USC 9601 et seq. (Title 42 – Chapter 1    -
Comprehensive Environmental Response, Compensation and Liability – "CERCLA" )   3
USC 1251 et seq. (Title 33 – Chapter 26 - The Federal  Water Pollution Control A    -
"FWPCA"), 42 USC 2011 et seq. (Title 42 – Chapter 23 - The Atomic Energy Act – "AE    ,

14

42 USC 5801 et seq. (Title 42 – Chapter 73), 42 USC 13401 et seq. (The Energy P‹  y

Act of 1992 (as the latest amendment), 15 USC 2601 et seq. (Title 15 – Chapter 53 – T   c

Substances Control -The Toxic Substances Control Act – "TSCA"), 42 USC 6901 et :   ⌐.

(Title 42 - Chapter 82 – Solid Waste Disposal - Solid Waste Disposal Act – "SWDA") ,   d

29 USC 660 (OSHA), 29 USC 666, Federal bidding laws, Sherman Act, Clayton Act   d

Robinson-Patman Act.

67.     These above mentioned acts combined to form sufficient intimidation and retalia   n

against Seetharaman for being and intending to be a witness in Federal Proceedings

68.     Defendant's conduct was to intimidate Seetharaman through contract brea   ⌐,

creation of intimidating and hostile work environment, limitation, segregation   d

classification, subjected him to covert surveillance, denial of promised training and boi   ·,

refusal to deal, forced transfer and termination of employment. Seetharaman was "inju   d

in his person and property" by means of these unlawful acts.

69.     As a direct and proximate cause of the aforesaid discrimination and reprisal,   ∍

Plaintiff has incurred and continues to incur a substantial loss of wages and benefits.   ∍

Plaintiff will continue to suffer these, as well as other damages, to be established at t   .

## COUNT SEVEN
## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP
### (Defendants Zervos, Edwards, Green and Martin)

70.     The Plaintiff re-alleges and incorporates by reference herein the averments set f   ⌐

Paragraphs 1 through 69 as though fully set forth herein.

71.     Seetharaman was in an "advantageous relationship" with his employer Defenc   t

Stone & Webster by virtue of his receipt of a favorable performance evaluation that ra   d

15

him as "promotable" and as an "achiever". Seetharaman was further in an "advantage   is
relationship" with his employer Stone & Webster by virtue of his repeated abilities   d
actions to bring in multi-million dollar proposals for potential business to Stone & Web   r.

72.     Defendants knowingly, out of "malice",  for an improper purpose and util   g
improper means interfered with Seetheraman's advantageous relationship with Sto   &
Webster by  inducing Stone & Webster    not to enter into or continue a busir   s
relationship, resulting in termination of Seetharaman's employment.

73.  The acts of these defendants were wrongful, made without rational basis, in bad f   1,
with reckless disregard as to the truth or falsity of the statements used in support of   e
said acts, with a race, color, national origin, disability, age, anti-"public safety" spe   h
based discriminatory animus, and were otherwise improper.

74.     As a direct and proximate cause of the aforesaid discrimination and reprisal,   e
Plaintiff has incurred and continues to incur a substantial loss of wages and benefits.   e
Plaintiff will continue to suffer these, as well as other damages, to be establishe   it
    trial.

### COUNT EIGHT
### PROMISSORY ESTOPPEL
### (Defendants Stone & Webster, Zervos, and Green)

75.     The Plaintiff re-alleges and incorporates by reference herein the averments set f   1
Paragraphs 1 through 74 as though fully set forth herein.

76.     On or about  December 6, 2001 Defendants Stone & Webster, Zervos, and Gr   1
asked Seetheraman to consider a transfer to the heat balance group with a promise of   )
years of training, continued employment, investment and promotion to a higher positi   .

16

77.    Seetharaman reasonably relied on these promises and transferred to the      at
balance group on or about February 6, 2002;

78.    Defendants Stone & Webster, Zervos, however deceived Seetheraman and      d
him just eleven weeks later on or about April 29, 2002.

79.    As a direct and proximate cause of the aforesaid conduct the Plaintiff has incu      d
and continues to incur a substantial loss to be established at trial.


**WHEREFORE,** the Plaintiff requests this Honorable Court to:

1. Enter judgment against the Defendants;

2. Award Damages on all counts in an amount to be determined at trial for finar      al
   losses sustained and other damages to be determined at trial, including but      )t
   limited to:

   a.  Loss of income and benefits;

   b.  Future loss of income and benefits;

   c.  Damages for emotional distress;

   d.  Treble Damages pursuant to G.L. c. 151B § 9;

   e.  Compensatory Damages;

   f.  Punitive Damages

   g.  Reasonable Attorney's fees;

   h.  Fees and Costs of this action;

   i.  Reinstatement to his former job with defendant; and;

   j.  Such further relief as this Honorable Court deems just and proper.

**THE PLAINTIFF IN THE ABOVE ENTITLED ACTION DEMANDS A TRIAL BY JUR**

**RAMACHANDRAN SEETHARAMAN**
Plaintiff
By his Attorney,

HOWARD I WILGOREN,
6 Beacon Street, Suite 700
Boston, MA 02108
(617) 523-5233
BBO No. 527840

DATED: September 14, 2005

18

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other ~~rs as required~~ by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is ~~red for the use~~ of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ramachandran Seetharaman

**DEFENDANTS**

Stone & Webster Inc a Su~~ ~~ ~~ ~~ ~~ ~~of
Shaw Group Inc., Jac ~~ ~~ , ~~h ck~~
Zerves, David Edwards an ~~ Jo~~ ~~mesh~~

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Na C~~ ~~
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATI~~ ~~ ~~OF THE~~
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Howard I Wilgoren
6 Beacon St, Suite 700
Boston MA 02105 617/523-5233

ATTORNEYS (IF KNOWN)  Paul Murphy  ~~ ~~ ~~ ~~n T~~
~~Sweeney Merri~~ ~~ ~~ ~~ ~~ty 9~~
~~Wrash~~  66 Sta~~ ~~ ~~St Bosto~~
MA 0210~~ ~~ 617 53~~ ~~

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN O~~ ~~ AND ONE BOX FO~~
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal P~~ ~~ of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another S~~ ~~ | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 ~~eal to District ge from istrate gment~~

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER ~~ATUTES~~ |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State F~~ ~~ ~~rtionment~~ |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitru~~ ~~ |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks ~~anking~~ |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 450 Comm~~ ~~ ~~CC Rates/etc.~~ |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deport~~ ~~ |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racket ~~uenced and Co rup~~ ~~nizations~~ |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selecti~~ ~~ ~~vice~~ |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securit~~ ~~ ~~mmodities/~~ ~~Exchan~~ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Custom ~~allenge 12 USC~~ |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricul~~ ~~ ~~cts~~ |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Econom ~~abilization Act~~ |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 893 Environ~~ ~~ ~~al Matters~~ ☐ 894 Energy ~~ation Act~~ |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedo~~ ~~ ~~Informa~~ ~~ct~~ |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal ~~e Determi nation~~ |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ~~Under~~ ~~Access to Justice~~ |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Consti~~ ~~ ~~lity of~~ ~~State S~~ ~~s~~ |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other S~~ ~~ ~~ry Actions~~ |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

~~ ~~ ~~ ~~ ~~ ~~ ~~ ~~ ~~ of emplcy
ment based on National origin, age, handicap race, colo~~ ~~ ~~ ~~d retaliat~~
~~ ~~ation pursuant to 42 USC 2000 , 42 USC 1981, 42 USC 1201 2011 ~~ ~~ ~~c 114~~
2000 621   42 USC 1985   also related state Kela c101

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**  350,000

CHECK YES only if deman~~ ~~ ~~ complaint:~~
**JURY DEMAND:** ☐ x ~~ ~~  ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE  Zobel

DOCKET NUMBER  1-05 ~~ ~~  1107 RWZ

DATE  9-14-05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) _Seetharaman    v    Stone & Webster    Inc_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

    ___    I.     160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓    II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright c

    ___    III.     110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

    ___    IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

    ___    V.     150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in th
district please indicate the title and number of the first filed case in this court.
_Seetharaman v    Stone and Webster Inc   1-05 Cv-1186  W_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                               YES ☑      NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 2
USC §2403)

                               YES ☐      NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                               YES ☐      NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                               YES ☐      NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40   ).

                               YES ☑      NO ☐

     A.     If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☑          Central Division ☐          Western Division ☐

     B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
           agencies,  residing in Massachusetts reside?

        Eastern Division ☐          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If y
submit a separate sheet identifying the motions)

                               YES ☐      NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Howard Wilgoren_
ADDRESS _6 Beacon St    Suite 700    Boston MA  02 1_
TELEPHONE NO. _617-523-5233_